UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMISON A.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 3:22cv777 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since April 20, 2021, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: obesity; ulcerative colitis;

2

        non sustained ventricular tachycardia; non-ischemic cardiomyopathy; generalized anxiety disorder; major depressive disorder; and substance abuse disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs; and occasionally stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights or around dangerous machinery with moving mechanical parts. The claimant can never operate a motor vehicle as part of his work-related duties. The claimant can never balance, as that term is defined in the SCO. The claimant is limited to simple, routine tasks with no assembly line work or strictly enforced hourly production quotas. The claimant can never interact with the general public. The claimant can have occasional, brief, and superficial interaction with coworkers with no tandem job tasks requiring cooperation with coworkers to complete the task. The claimant can work where supervisors occasionally interact with him throughout the workday.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on April 9, 1972, and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 20, 2021, the date the application was filed (20 CFR 416.920(g)).

(Tr. 29-37).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on January 25, 2022.  On April 27, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on May 24, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"? (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred when he did not find the opinion of Dr. Brown, a consultative psychologist, persuasive. Plaintiff contends that the ALJ failed to explain how he considered the supportability and consistency factors which are listed in 20

4

C.F.R. § 404.1520c.

Dr. Brown concluded, after her examination of Plaintiff, that Plaintiff's abilities in two functional areas were compromised—learning, remembering, and understanding simple instructions; and attending, concentrating, and completing simple tasks (Tr. 564-65). She also noted that Plaintiff had difficulty interacting with others (Tr. 565). The ALJ found this opinion somewhat persuasive, as it was only somewhat consistent with and supported by the record (Tr. 35-36). 20 C.F.R. § 416.920c(b)(2). Specifically, the ALJ noted that treatment notes from after Dr. Brown's exam showed significant improvement in Plaintiff's symptoms with medication (Tr. 36, citing Tr. 759). Support for the ALJ's findings can also be found in his discussion of the medical record. *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("it is proper to read the ALJ's decision as a whole . . . because it would be a needless formality to have the ALJ repeat substantially similar factual analyses" at every step).

Here, the ALJ noted that in therapy sessions (which all occurred after Dr. Brown's exam), Plaintiff often reported doing well, saying that he was trying to stay busy and therapy helped him focus (Tr. 33-34, citing Tr. 679, 687-88, 704). The ALJ also considered Dr. Streich's observation that Plaintiff appeared to be exaggerating his impairment on exam (Tr. 34, citing Tr. 665). This Court agrees with the Commissioner that, read as a whole, the ALJ's decision provided the requisite support for the ALJ's findings.

Additionally, as the Commissioner has pointed out, Plaintiff misreads the decision when he accuses the ALJ of "lump[ing] together" the two consultative examinations (Pl. Br. 9). The ALJ did not evaluate Dr. Streich's consultative exam as a medical opinion because Dr. Streich did not offer one (Tr. 663-65). 20 C.F.R. § 416.913(a)(2) ("A medical opinion is a statement from

5

a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in" the listed workplace abilities).Further, the ALJ only cited to Dr. Brown's opinion in his discussion of its persuasiveness, further evidence that the ALJ only intended to consider the one opinion (Tr. 35-36).

In any event, even if the ALJ's discussion of Dr. Brown's opinion lacked the requisite level of articulation, Plaintiff has not shown how this omission affected the outcome of the case. Plaintiff argues generally that the exam was favorable to Plaintiff, but he does not cite to any specific findings which demonstrate the need for greater restrictions than those included in the RFC. The RFC crafted by the ALJ shows that the ALJ credited Plaintiff's symptom complaints to a significant degree, despite contrary evidence. The record showed that medications and therapy were effective in managing Plaintiff's depression (Tr. 679, 705, 759, 797); a consultative examiner indicated that Plaintiff was likely exaggerating his symptom complaints (Tr. 665); and when given the opportunity at the hearing to explain why he was unable to work, Plaintiff did not testify to any impairments caused by his depression (Tr. 56, 60). Yet the ALJ still limited Plaintiff to simple tasks, provided limitations on his social interactions, and restricted him from assembly line work (Tr. 35). Plaintiff has not pointed to any evidence showing that he could not perform work under the assessed RFC, although he contends that he is incapable of performing even simple, routine work. (Pl. Reply at 3). *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018) (citations omitted) ("It was [claimant's] burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work.")

Plaintiff also vaguely argues that the ALJ rejected all of the medical opinions and therefore was required to develop the record further (Pl. Br. 10-11). However, Plaintiff has not identified any evidence the reviewing physicians did not have access to, nor has he explained why an updated medical evaluation was necessary.

Based on the foregoing, this Court finds that the ALJ's decision is supported by substantial evidence and that Plaintiff's assertions of error are baseless.  Therefore, the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: June 5, 2023.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court